**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DAVID KING,

    Plaintiff,

v.

LABOR READY SOUTHEAST, INC.,

    Defendant.

CASE NO.: 4:07cv 170 spn/wcs

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND STATEMENT OF DEFENSES

Defendant LABOR READY SOUTHEAST, INC. (hereinafter "Defendant" or "Labor Ready"), by and through its undersigned counsel, hereby respectfully answers the consecutively numbered paragraphs of Plaintiff DAVID KING's ("Plaintiff") Complaint and Demand for Jury Trial (hereinafter "Complaint") as follows:

### NATURE OF THE ACTION

1.    Labor Ready admits that Plaintiff attempts to state a cause of action for alleged (1) violations of the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statues; (2) violations of the American with Disabilities Act, 42 U.S.C. § 12101 *et seq*; and (3) violations of 42 U.S.C. § 1981. However, Labor Ready unequivocally denies that it violated the FCRA, the ADA or § 1981 and denies that Plaintiff is entitled to any of the relief sought.

Orlando 78476.1

2. Labor Ready admits that Plaintiff seeks damages, injunctive relief, attorneys' fees and costs but denies that Plaintiff is entitled to any of the relief sought.

## THE PARTIES

3. Labor Ready admits that Plaintiff purported that he is a resident of Leon County, Florida and Plaintiff began his employment with Labor Ready on April 25, 2005. Labor Ready denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Labor Ready admits that it conducts business in the State of Florida. Labor Ready denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint as it seeks a legal conclusion.

## CONDITIONS PRECEDENT

5. Labor Ready admits that any documents filed with any administrative agency speak for themselves. Labor Ready denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint as it seeks a legal conclusion.

## FACTS

6. Labor Ready admits that Plaintiff began his employment on April 25, 2005 and last worked on June 27, 2005. Labor Ready denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Labor Ready denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Labor Ready denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Labor Ready denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## COUNT I

### HANDICAP/DISABILITY DISCRIMINATION

10.     Labor Ready reasserts its answers to Paragraphs 1 through 9 of Plaintiff's Complaint.

11.     Labor Ready admits that Plaintiff attempts to state a cause of action for actual and/or perceived disability discrimination.  However, Labor Ready denies that it discriminated against Plaintiff and denies that Plaintiff is entitled to the relief requested.

12.     Labor Ready denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Labor Ready denies that it treated Plaintiff in any manner as suggested in Paragraph 13 of Plaintiff's Complaint.

14.     Labor Ready denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Labor Ready denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Labor Ready denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Labor Ready denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## COUNT II

### RETALIATION

18.    Labor Ready reasserts its answers to Paragraph 1 through 9 of the Plaintiff's Complaint.

19.    Labor Ready denies the allegations contained in Paragraph 19 of Plaintiff's Complaint as it seeks a legal conclusion.

20.    Labor Ready denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Labor Ready denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Labor Ready denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    Labor Ready denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    Labor Ready denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    To the extent not expressly admitted herein, the allegations contained in Plaintiff's Complaint are denied.

## PRAYER FOR RELIEF

Labor Ready denies that Plaintiff is entitled to any of the relief sought in the un-numbered "Wherefore" clause of Plaintiff's Complaint.

## DEMAND FOR TRIAL BY JURY

The allegations contained in the "DEMAND FOR TRIAL BY JURY" section of Plaintiff's Complaint do not warrant an admittance or denial.

## STATEMENT OF DEFENSES

As separate and distinct Defenses to Plaintiff's Complaint, Defendant states as follows:

## FIRST DEFENSE

Plaintiff's claims fail, in whole or in part, because the Complaint does not state claims upon which relief can be granted.

## SECOND DEFENSE

To the extent Plaintiff failed to exhaust his administrative remedies, his claims are barred.

## THIRD DEFENSE

Plaintiff's claims fail, in whole in part, because Plaintiff has not mitigated his damages.

## FOURTH DEFENSE

All actions taken by Labor Ready with respect to Plaintiff's employment were in good faith and without intent to discriminate or retaliate. Labor Ready denies it had any discriminatory or retaliatory motive or intent in any actions taken with respect to Plaintiff's employment.

## FIFTH DEFENSE

Plaintiff is estopped from maintaining this action because of his course of conduct during and/or after his employment with Labor Ready.

## SIXTH DEFENSE

Plaintiff's course of conduct during and/or after his employment with Labor Ready constitutes a waiver of the claims asserted in his Complaint.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Labor Ready based all employment decisions concerning Plaintiff on legitimate, non-discriminatory factors and not on Plaintiff's alleged disability or handicap.

## NINTH DEFENSE

Even if any decision concerning Plaintiff was based in part on his alleged disability or handicap, which it was not, Labor Ready would have reached the same decision in any event.

## TENTH DEFENSE

Plaintiff's claims are barred because Labor Ready had no knowledge that Plaintiff was disabled or handicapped and did not perceive Plaintiff as being disabled or handicapped.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent he is not disabled or handicapped as that term is defined by the American with Disabilities Act or the Florida Civil Rights Act.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent he is not a "qualified individual with a disability" or handicap under the American with Disabilities Act or the Florida Civil Rights Act.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because he did not request or identify and Labor Ready did not deny, any reasonable accommodation that would have enabled Plaintiff to perform the essential functions of his job.

## FOURTEENTH DEFENSE

Labor Ready based all employment decisions concerning Plaintiff on legitimate, non-retaliatory factors other than his alleged participation in statutorily-protected activity.

## FIFTEENTH DEFENSE

Even if any decision concerning Plaintiff was based in part on his alleged participation in statutorily-protected activity, which it was not, Labor Ready would have reached the same decision in any event.

## SIXTEENTH DEFENSE

Labor Ready did not act with malice or reckless indifference to Plaintiff's rights and made good faith efforts to enforce its anti-discrimination and anti-retaliation policies.

## SEVENTEENTH DEFENSE

Labor Ready took affirmative measures to provide a workplace free of discrimination and retaliation, and, therefore, Plaintiff's claims for punitive damages are barred.

## EIGHTEENTH DEFENSE

Any claims related to persons or matters which are not the subject of a timely filed Charge of Discrimination with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or were not investigated, or conciliated by that agency, are barred.

## NINETEENTH DEFENSE

Labor Ready's employment practices are job-related and consistent with business necessity.

## TWENTIETH DEFENSE

Plaintiff's claims are frivolous both in factual foundation and legal substance, and Labor Ready is entitled to an award of its costs and attorneys' fees.

## TWENTY-FIRST DEFENSE

Labor Ready denies that an employee under its supervision acted in any manner, which would constitute a violation of Plaintiff's rights. If a Labor Ready employee violated Plaintiff's rights, such violation was committed outside either the scope or course of his/her employment and without Labor Ready's consent, knowledge and ratification.

## TWENTY-SECOND DEFENSE

Labor Ready reserves the right to move the Court to allow Labor Ready to assert additional defenses which may become apparent through discovery.

WHEREFORE, Labor Ready respectfully prays this Honorable Court to: (i) dismiss Plaintiff's Complaint in its entirety; (ii) deny each and every demand and prayer for relief contained in Plaintiff's Complaint; (iii) award Labor Ready costs and reasonable attorneys' fees; and (iv) grant such other relief as the Court deems just and proper.

DATED this 10th day of April, 2007.

Respectfully submitted,

FISHER & PHILLIPS LLP
300 South Orange Avenue
1250 Lincoln Plaza
Orlando, Florida 32801
Telephone: (407) 541-0888
Facsimile: (407) 541-0887

BY: _____

Jeffrey B. Jones
Florida Bar No.: 0039950
jbjones@laborlawyers.com

Juan C. Lopez-Campillo, Esq.
Florida Bar No. 0139785
jlopez@laborlawyers.com

Attorneys for Defendant
LABOR READY SOUTHEAST, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished via facsimile and U.S. Mail to: Marie A. Mattox, P.A., Marie A. Mattox, Esquire, 310 East Bradford Road, Tallahassee, Florida 32303, this 10th day of April, 2007.

_____
Jeffrey B. Jones, Esquire

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
03/22/2007
Log Number 512065494

**TO:**    Pam Gamboa, Adm. Asst.
Labor Ready, Inc.
1015 A Street
Tacoma, WA, 98402-

**RE:**    **Process Served in Florida**

**FOR:**    Labor Ready Southeast, Inc. (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David King, Pltf. vs. Labor Ready Southeast, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Copy of Notice, Copy of Dismissal and Notice |
| **COURT/AGENCY:** | Leon County Circuit Court, FL, FL<br>Case # 07-CA-617 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of handicap/disability - Wrongful Termination - Retaliation - Seeking damages and injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/22/2007 at 09:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Marie A. Mattox<br>Marie A. Mattox, P.A.<br>310 East Bradford Road<br>Tallahassee, FL, 32303<br>850-383-4800 |
| **ACTION ITEMS:** | Telephone, Pam Gamboa , 800-610-8920 ext. 8472<br>Information left on voice mail<br>SOP Papers with Transmittal, via  Fed Ex 2 Day, 798134891234<br>SOP Papers with Transmittal, via Fax, Pam Gamboa 253-502-5789<br>Documents faxed per request of Pam Gamboa<br>Email Notification, Pam Gamboa PGAMBOA@LABORREADY.COM<br>Email Notification, Joanna Monroe jmonroe@laborready.com<br>Email Notification, Danielle Covarrubias DCOVARRUBIAS@LABORREADY.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Donna Moch<br>1200 South Pine Island Road<br>Plantation, FL, 33324<br>954-473-5503 |

Page 1 of  1 / TB

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA**

DAVID KING,

      Plaintiff,                Case No. 07-CA___0617___

vs.

LABOR READY SOUTHEAST, INC.,

      Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

# Summons

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **LABOR READY SOUTHEAST, INC.
c/o CT Corporation System, Registered Agent
1200 South Pine Island
Plantation, FL 33324**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____2/27_____, 2007.

                       **BOB INZER, CLERK**

                       CLERK OF THE CIRCUIT COURT

                       By:_____

                           Deputy Clerk

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

DAVID KING,

      Plaintiff,

                            CASE NO. 07- $C\!A$ $617$
                            FLA BAR NO. 0739685

vs.

LABOR READY SOUTHEAST, INC.,

      Defendant.

_____/

## COMPLAINT

      Plaintiff, DAVID KING, hereby sues Defendant, LABOR READY SOUTHEAST, INC.,

and alleges:

## NATURE OF THE ACTION

      1.     This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §12101 et

seq. and 42 U.S.C. §1981 for claims which are, individually, valued in excess of Fifteen Thousand

Dollars ($15,000.00), exclusive of costs, interest and attorneys fees.

      2.     This is an action for damages, injunctive relief, attorneys fees and costs.

## THE PARTIES

      3.     At all times pertinent hereto, Plaintiff, DAVID KING has been a resident of Leon

County, Florida. He was employed with Defendant at all times pertinent hereto in Leon County,

Florida and is *sui juris*. Plaintiff is a member of a protected class due to his disability and/or

Defendant's perception of Plaintiff as disabled. He is also a member of a protected class because

he reported matters protected under Chapter 760, Florida Statutes and 42 U.S.C. §12101 et seq.,

Florida Statutes, and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, **LABOR READY,** has been conducting business in the State of Florida, and has been an "employer" as that term is used under the applicable laws set forth above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to filing suit under Chapter 760, Florida Statutes and 42 U.S.C. §12101 et seq. He timely files this action after filing his charge and he has attached his notice of right to sue authorizing the filing of this action thereafter.

## FACTS

6. Plaintiff was a temporary worker with Defendant beginning in or around April 2005. He was not placed by Defendant after August, 2005.

7. During the time that Plaintiff was employed through Defendant, Defendant perceived Plaintiff to be disabled and/or Plaintiff is disabled. Defendant, upon information and belief, solicited complaints against Plaintiff due to his disability and/or perceived disability and Plaintiff was not placed and terminated from Defendant's available labor pool.

8. Prior to being removed from Defendant's available labor pool, Plaintiff voiced opposition to Defendant's unlawful practices and he was terminated thereafter.

9. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs associated with this and any underlying administrative actions involving Plaintiff and Defendant resulting from Plaintiff's disclosures.

2

## COUNT I

## HANDICAP/DISABILITY DISCRIMINATION

10.     Paragraphs 1-9 are incorporated herein by reference.

11.     This is an action against Defendant for discrimination based on Plaintiff's disability and/or Defendant's perception of Plaintiff as disabled.

12.     Defendant, through its agents, apparent agents, and employees, because of its perception of Plaintiff as being disabled and/or Plaintiff's disability and/or Plaintiff's need for accommodations, took action against him and terminated him. At all times pertinent hereto, Plaintiff was able to performing the essential functions of the positions within Defendant that he filled with and/or without accommodations.

13.     There is no legitimate reason that has been nor can there be any legitimate reason for the treatment of Plaintiff.

14.     Defendant knew or should have known of the discrimination against Plaintiff because it participated in the adverse treatment of Plaintiff. Defendant knew or should have known of these conditions as well because Plaintiff challenged them with supervisors within Defendant and officials within Defendant perpetuated the actions and inactions against Plaintiff. The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

15.     Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff including without limitation his termination.

16.     Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant

3

failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein. At all times material hereto, the actions and inactions affecting Plaintiff were committed in the course of the employment or supervisory relationship employees had with Defendant and with its actual or constructive knowledge. Defendant is thereby vicariously liable to Plaintiff for all of the unlawful conduct of its agents, apparent agents, assigns, employees and officials.

17.     As a direct and proximate cause of Defendant's malicious acts described above, Plaintiff sustained damages for the loss of position, as well as the security and peace of mind it would have provided him. Plaintiff sustained mental, nervous, and emotional injury. Plaintiff incurred additional damages including lost wages, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and other damages. These damages have occurred in the past.

## COUNT II

### RETALIATION

18.     Paragraphs 1-9 are hereby realleged and reincorporated as if set forth in full herein.

19.     Defendant is an employer as that term is used under the applicable statutes referenced above.

20.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him.

21.     The foregoing unlawful actions by Defendant were purposeful.

22.     Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and he was the victim of retaliation thereafter which includes but is not limited to Plaintiff's termination.

4

23.    Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

24.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal and state laws enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)    grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

5

Dated this 2ⁿ day of February, 2007.

MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

Marie A. Mattox
ATTORNEYS FOR PLAINTIFF

6

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | David King<br>1341 Lola Drive<br>Tallahassee, FL 32301 | From: | Miami District Office - 510<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐  On behalf of person(s) aggrieved whose identity is
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | Ozzie L. Black, |  |
| 15D-2006-00407 | **Deputy District Director** | **(305) 808-1745** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be **filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be **filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Millanese Jones*

**for Federico Costales,**
**District Director**

DEC 1 5 2006

*(Date Mailed)*

Enclosures(s)

cc:    Ms. Danielle Covarrubias          Ms. Marie A. Mattox, Esq.
       **Labor Ready**                  **310 E. Bradford Rd**
       **Post Office Box 2910**         **Tallahassee, FL 32303**
       **Tacoma, WA 98401**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: David King 513 Malloy Street Perry, FL 32347 | From: Miami District Office - 510 2 South Biscayne Blvd Suite 2700 Miami, FL 33131 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 15D-2005-00895 | Ozzie L. Black, Deputy District Director | (305) 808-1745 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Federico Costales,
District Director

A.. 2 3 2005

(Date Mailed)

Enclosures(s):

cc: Danielle R. Covarubias
Labor Ready
Post Office Box 2910
Tacoma, WA 08402

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

DAVID KING

CASE NO: 2007 CA 000617

Plaintiff(s),

vs.

LABOR READY SOUTHEAST INC

Defendant(s).



### INITIAL CASE MANAGEMENT ORDER

The Rules of Judicial Administration encourage the speedy, just and inexpensive resolution of cases, and impose upon the trial court the duty to monitor and manage the cases in order to achieve this goal. To this end, it is **ORDERED:**

1. SERVICE OF CASE MANAGEMENT ORDER: Plaintiff(s) shall serve a copy of this order contemporaneously with service of the complaint or petition upon Defendant(s), who shall thereafter do likewise for Third Party Defendant(s), if any. An Affidavit of Service shall be filed with the Clerk.

2. DISCOVERY:

A. Required Disclosures - Within 30 days of service of the Complaint or Petition, for Plaintiff, and 45 days for Defendants, the parties shall disclose:

(1) All witnesses known to have information about the case, including their addresses and phone numbers; and

(2) any documents the parties intend to rely upon in the presentation of their claim or defense.

Third parties or parties subsequently added shall disclose the above information within 45 days after appearance or 15 days after disclosure by the opposing party, whichever is longer.

B. Deadline for Other Discovery - All other discovery should be conducted so that the due date for any discovery requested shall not be later than 210 days from the date of this Order. Discovery beyond this period is permitted only by court order, upon a showing of good cause and due diligence. The filing of a stipulation or motions, including a motion to extend the discovery period, will not toll or extend the discovery period.

3. CONFERENCE OF THE PARTIES AND CASE MANAGEMENT REPORT: Counsel of record and any unrepresented parties shall confer personally or by phone, within 45 days from the date of this Order. Within 15 days of that conference, the parties will file a Joint Case Management Report (JCMR) with the Court (original to the Clerk, hard and electronic copy to Judge). If service has not been made by this date, then a report will be made by the Plaintiff(s) only, setting forth the efforts made to effect

2

service and the anticipated date by which the JCMR can be filed. The JCMR shall address the issues described below:

A. The names, addresses, phone numbers, fax numbers and e-mail addresses for all counsel and unrepresented parties, and the designation of lead counsel for each party where appropriate.

B. The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in dispute, and those that are not.

C. The status of the pleadings, and the issues of service of process, jurisdiction, venue, joinder of additional parties, and the identification of any pending motions directed to the pleadings.

D. A discovery plan for the case including:

(1) The nature, order and timing of various forms of discovery, and the date by which all discovery will be completed, specifically addressing whether the provisions of this Order relative to discovery should be modified.

(2) The procedure or protocol for scheduling fact and expert depositions;

(3) Anticipated areas of expert testimony, timing for identification of experts, responses to expert discovery, and exchange of expert reports;

(4) An estimate of the volume of documents and computerized information likely to be the subject of discovery and whether there are technological means which may render document discovery more manageable and at an acceptable cost.

3

E. The advisability of using a special master for fact finding, discovery coordination and facilitation, alternative dispute resolution, or other matters.

F.     The possibility of settlement and any preference the parties may have regarding the particular form or timing of alternative dispute resolution (such as mediation, arbitration, and summary trials).

G. A good faith estimate by counsel for each party based upon consultation with all of the parties as to the cost each party is likely to incur pursuing the litigation through trial.

H. A good faith estimate as to when the case will be ready for trial (month and year), number of days required for trial, and whether it will be jury or non jury. It is anticipated that most cases can be ready for trial within ten to twelve months from the date of filing. Cases which are more complex, by virtue of the factual or legal issues or the number of parties involved may require additional time before they are ready for trial. If the proposed date for trial is more than twelve months from the date of this Order, the parties should explain why the additional preparation time is necessary. If the case is not yet at issue at the time of the conference, the parties shall promptly notify the court when the pleadings are closed so that the matter may be scheduled for a specific trial period.

I. Any other matters that should be disclosed to the Court about the case in order to facilitate its prompt and efficient resolution.

4

J. The Plaintiff has the responsibility of initiating arrangements for the conference and filing the report, but all parties are equally responsible for insuring that the conference is held and the report is timely filed. If the parties are unable to agree on any provision of the report each party's position will be set out in the report. Any failure or refusal of any party to cooperate in the compliance with this Order should be made known to the Court by written motion or request for a status conference.

K. With good cause shown, any party may request an extension of time with which to comply with this Order. Such request must be by written motion, stating the grounds therefore, and setting forth the facts establishing due diligence, including due diligence in effectuating service where one or more defendants have not been served.

L. The parties are directed to comply in all respects with the policies and procedures adopted from time to time by the presiding judge, and located at www.2ndcircuit.leon.fl.us.

M. Action on Report - The Court will promptly consider the joint report and will take one of the following courses of action:

(1) Enter a second Case Management Order by modifying this initial Order as deemed appropriate in light of the parties' joint report, or by confirming the requirement of this Order.

(2) Set the matter for a case management conference.

(3) This initial Case Management Order will continue in full force and effect until such further Order of the Court.

(4) Any party may request, by written motion, a case management conference pursuant to Rule 1.200.

DONE AND ORDERED this February 27, 2007.

_____
CIRCUIT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Plaintiff or Plaintiff's representative, on February 27, 2007, by (hand delivery) (mail) (electronically).

Bob Inzer, Clerk of Court

By:_____
Deputy Clerk

6